**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

BILLY WOOTEN,

                Plaintiff,

v.                                   CIVIL  ACTION  NO.  3:07-0229

LIBERTY MUTUAL INSURANCE
COMPANY, a foreign corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment.  (Doc. 8).  For the reasons explained below, the motion is **GRANTED**.

**Background**

The relevant facts of this matter are relatively simple and can be briefly stated.  On March 11, 2005, Plaintiff's residence was destroyed by fire.  At the time, the home was insured under a policy issued by Defendant.  Plaintiff timely submitted claims for insurance proceeds, but on August 25, 2005, received a letter informing him that his claims had been denied.

On March 15, 2007, Plaintiff filed suit in the Circuit Court of Cabell County, West Virginia to recover both proceeds from the insurance policy and "bad faith" damages.  Defendant removed the case to this Court on April 10, 2007 claiming that the Court's jurisdiction is proper under 28 U.S.C. § 1332(a)(1).  On February 7, 2008, Defendant moved for summary judgment, arguing that the claims were time-barred under the terms of the policy.   The time in which to respond has expired and Plaintiff has failed to do so.

## Standard for Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

The failure of a party to respond to a motion for summary judgment does not automatically entitle the moving party to judgment.  *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).  "[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.*  The duty to review an unopposed motion is emphasized in Fed R. Civ. P. 56(e), which provides, "if the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  The court need not look beyond the record, however, and can accept as true uncontroverted facts established by the moving party's motion.  *See id.*

## Analysis

In general, the West Virginia Code prevents insurance contracts from limiting the time within which to bring an action to less than two years.  W. Va. Code § 33-6-14.  An exception, however, exists for policies that fall within the category of West Virginia standard fire policies.  W. Va. Code § 33-17-2; *Sizemore v. State Farm Gen. Ins. Co.*, 505 S.E.2d 654 (W.Va. 1998).  The

statute itself is ambiguous as to whether "multiple line" policies," which include more than just fire insurance, are included within the exception.  The West Virginia Supreme Court has made clear, however, that these types of policies do fall within the exception and can include terms which set time-limits for lawsuits of less than two years.  *Sizemore,* 505 S.E.2d 654.

The policy relevant to the instant case is a LibertyGuard Deluxe Policy.  It provides multiple lines of coverage and includes casualty insurance as well as fire loss insurance.  The policy contains a limitation on action provision, which states, "[n]o action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." Under the holding in *Sizemore*, this provision is applicable to prevent bar a lawsuit filed out of time.

In the case of, *Meadows v. Employer's Fire Ins. Co.*, the West Virginia Supreme Court interpreted language nearly identical to that in the policy at issue here.[1]  298 S.E.2d 874 (W.Va. 1982).  The court decided that the language barred lawsuits filed more than twelve months from the date when the insurance company notified the policy holder of its refusal to pay for the loss.  *Id.* Here, Defendant notified Plaintiff of its refusal to pay on August 25, 2005.  Plaintiff did not file a lawsuit until March 15, 2007.  Consequently, Plaintiff is barred from bringing suit against Defendant by the express terms of his policy.

Plaintiff's claims for bad faith, sound in tort and, under the West Virginia Code, might arguably be subject to a different statute of limitations.  Again, however, the West Virginia Supreme Court has clarified potential ambiguity of the Code.  In *Sizemore* the court held, that a claim for

[1]The policy in *Meadows* provided, "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."  298 S.E.2d 874, n. 7.

extra-contractual damages under a theory of bad faith arising from denial of fire loss property

insurance is barred by the one year limitations on lawsuits contained within the policy. *Sizemore,*

505 S.E.2d 654, 661. Thus both of plaintiff's claims for relief are time-barred.

### Conclusion

For the reasons stated above, Defendant' motion is hereby **GRANTED**. (Doc. 8). The Court

**DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any

unrepresented parties.

ENTER:     March 5, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE